IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOE HESTER | § | |
| VS. | § | CIVIL ACTION NO. 5:15cv144 |
| WARDEN S. YOUNG | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joe Hester, an inmate confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner objects to the Report asserting he does not fit the criteria for the Armed Career Criminal Act enhancement he received at sentencing because one of his prior felony convictions was a passive offense. In support of his objections, petitioner cites the recent Supreme Court decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Petitioner argues that because he does not fit the criteria for the sentencing enhancement, it is the equivalent of being convicted of a non-existent offense.

After careful consideration, the Court concludes petitioner's objections should be overruled. Petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v.*

*United States*, 243 F.3d. 893 (5th Cir. 2001). As the Magistrate Judge observed, a claim of actual innocence of a sentencing enhancement is not a claim of actual innocence of the crime of conviction. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction to warrant habeas review under § 2241); *Hartfield v. Joslin*, 235 F. App'x 357, 358 (5th Cir. 2007) (claim of actual innocence of career offender enhancement is not sufficient to satisfy savings clause). Therefore, petitioner is not entitled to relief under § 2241 and this petition is dismissed.

It is noted, however, that the Seventh Circuit Court of Appeals, the circuit in which petitioner was convicted, recently ruled *Johnson* announced a new rule of substantive law which is retroactive on collateral review. *See Price v. United States*, 795 F.3d 731, 734-35 (7th Cir. 2015). The Seventh Circuit permitted the convicting court to consider a successive collateral attack presenting this type of claim. *Id.* Accordingly, petitioner has an available avenue to bring his claim as a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the court of conviction.

For the reasons set forth above, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**So ORDERED and SIGNED this 13th day of November, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE